UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LINDSAY DON MARTELL | CIVIL ACTION |
| VERSUS | NO. 08-4834 |
| GUILBEAU MARINE, INC. ET AL. | SECTION "I" (2) |

## ORDER

Local Rule 7.5E of the Eastern District of Louisiana requires that memoranda in opposition to a motion be filed AND a copy be delivered to chambers eight days prior to the date set for hearing of the motion. No memorandum in opposition to plaintiff's Motion for Reconsideration and/or Rehearing of the Magistrate's Order, Record Doc. No. 27, set for hearing on July 1, 2009 at 11:00 a.m. without oral argument, has been timely submitted. Accordingly, this motion is deemed to be unopposed, and, further, it appearing to the court that the motion has merit,

**IT IS ORDERED** that the motion is GRANTED and that the court hereby reconsiders its prior ruling, as follows. On May 28, 2009, defendant Wood Group Production Services, Inc. ("Wood Group") electronically filed a Motion to Compel and for Sanctions. Record Doc. No. 18. Because plaintiff did not file a timely opposition memorandum, I granted defendant's motion to compel on June 3, 2009. Plaintiff was ordered to provide his discovery responses to Wood Group within ten (10) days and to pay monetary sanctions to defendant. Record Doc. No. 20.

On June 10, 2009, plaintiff filed the instant motion to reconsider my June 3, 2009 order. Because the motion was filed within ten (10) days of the court's order, I construe it as a timely motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). As previously noted, Wood Group has not filed an opposition to the motion.

According to the affidavit of plaintiff's attorneys attached to the motion, Wood Group's Motion to Compel was electronically served on them by this court's e-filing system. However, for reasons the attorneys cannot explain, the motion was routed to a Spam folder in their e-mail program, rather than to their electronic filing Inbox. Counsel attest that they check their e-mail Inbox daily, but that they did not look at their Spam folder until June 3, 2009, when they first discovered both the Motion to Compel and my order of June 3, 2009 granting the motion. Plaintiff's counsel further state that the instant case is the only one of their many pending cases in this court in which e-filings have mistakenly been routed to their Spam folder. Plaintiff argues that his counsel did not receive notice of Wood Group's motion to compel and that his failure to oppose the motion was inadvertent and without any fault on his part. He asks that I vacate my June 3, 2009 order and reset Wood Group's motion to compel for hearing, so that he may oppose it.

One day after plaintiff filed the instant motion, he filed a motion to voluntarily dismiss Wood Group as a defendant. The presiding district judge granted the motion and

2

dismissed Wood Group without prejudice on June 12, 2009. Record Doc. No. 32. Thus, as demonstrated by Wood Group's failure to oppose the instant motion for reconsideration, it has no further interest in this case or in obtaining discovery from plaintiff.

Accordingly, **IT IS FURTHER ORDERED** that my June 3, 2009 order, Record Doc. No. 20, is VACATED.

**IT IS FURTHER ORDERED** that Wood Group Production Services, Inc.'s Motion to Compel and for Sanctions, Record Doc. No. 18, is DISMISSED AS MOOT.

New Orleans, Louisiana, this  1st  day of July, 2009.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE