UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LINDSAY DON MARTELL** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-4834** |
| **GUILBEAU MARINE, INC., ET AL** | **SECTION I/2** |

### ORDER AND REASONS

Before the Court is a motion for summary judgment filed on behalf of defendant, Phil Guilbeau Offshore, Inc. ("PGO").[1] Plaintiff, Lindsay Don Martell, opposes the motion. For the following reasons, the motion is **DENIED**.

*BACKGROUND*

On August 30, 2008, plaintiff, while a passenger, was involved in a motor vehicle accident.[2] Plaintiff alleges that at the time of the accident, he was in the service of the M/V Mia Malloy, a vessel owned by PGO. Plaintiff contends that the M/V Mia Malloy was in port that day because of Hurricane Gustav and that he went ashore to transmit a heavy weather layup plan to the Coast Guard.[3] Defendant argues that the accident occurred not while plaintiff was in the service of the ship, but rather while plaintiff was away from his duties and attempting to watch a football game.[4]

On November 11, 2008, plaintiff filed this lawsuit alleging a Jones Act/negligence claim, an unseaworthiness claim, and a maintenance and cure claim.[5] On November 10, 2009, plaintiff and PGO agreed to a stipulated dismissal of plaintiff's Jones Act and unseaworthiness claims.[6]

---

[1] R. Doc. No. 75.
[2] R. Doc. No. 1, para. 4.
[3] R. Doc. No. 86.
[4] R. Do. No. 75.
[5] Plaintiff alleged additional causes of action against other defendants. This order does not address those causes of action.
[6] R. Doc. No. 65.

1

Plaintiff reserved his maintenance and cure claim. On December 18, 2009, PGO filed this motion seeking dismissal of plaintiff's maintenance and cure claim.

## *LAW AND ANALYSIS*

I.  **STANDARD OF LAW**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. Celotex, 477 U.S. at 323; Fontenot v. Upjohn Co., 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The non-moving party must carry this burden as to each essential element on which it bears the burden of proof. Schaefer v. Gulf Coast Regional Blood Center, 10 F.3d 327, 330 (5th Cir. 1994). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty

Lobby, Inc., 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a genuine issue. Id. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." Id. at 255; see Hunt v. Cromartie, 526 U.S. 541, 552 (1999).

## II. DISCUSSION

A shipowner has an obligation to pay both maintenance and cure to any seaman injured while in service to the ship. Boudreaux v. United States, 280 F.3d 461, 468 (5th Cir. 2002). The maintenance and cure obligation exists regardless of an employer's fault or a vessel's unseaworthiness. Morales v. Garijak, Inc., 829 F.2d 1355, 1358 (5th Cir. 1987). Further, the obligation to pay maintenance and cure is not diminished by a seaman's own negligence. Boudreaux, 280 F.3d at 468. Where there are doubts about a seaman's right to receive maintenance and cure, they are to be resolved in favor of the seaman. See Johnson v. Marlin Drilling Co., 893 F.2d 77, 79 (5th Cir. 1990).

In order to recover maintenance and cure, the plaintiff must prove "(a) his employment as a seaman, (b) that his illness or injury occurred, was aggravated or manifested itself while in the ship's service, (c) the wages to which he may be entitled, and (d) the expenditures or liability incurred by him for medicines, nursing care, board and lodging." Gorum v. Ensco Offshore Co., Nos. 02-2030, 02-2031, 2002 WL 31528460, at *5 (Nov. 14, 2002) (Vance, J.). In its motion, PGO contests whether plaintiff's injury occurred in the service of the ship.

The right of recovery for maintenance and cure is given to the seaman by the General Maritime Law and it is not dependent on where the injury is inflicted by or the nature of the service and its relationship to the operation of the vessel. Godbold v. Maersk Line, Ltd., No. 07-

3

5263, 2009 WL 701711 at *2 (Mar. 13, 2009) (Fallon, J.). The meaning of the term "in the service of the ship" is the equivalent of the term "course of employment" used in Jones Act cases. See Daughdrill v. Diamond Drilling Company, 447 F.2d 781, 783 (5th Cir. 1971).

Plaintiff has established a genuine issue of material fact[7] as to whether he was in the service of his ship at the time of the accident. Attached to defendant's motion are plaintiff's answers to interrogatories.[8] In those answers, plaintiff states that he left his ship at the direction of the US Coast Guard to deliver a heavy weather tie-up plan.[9] Plaintiff asserts that the accident occurred en route to deliver that document.[10] Although PGO presented evidence and testimony that contradicts plaintiff's account of the accident, the Court is not permitted to make credibility determinations at this stage. The Court is persuaded that summary judgment is not appropriate at this time.[11]

### III. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that PGO's motion for summary judgment is **DENIED**.

**IT IS FURTHER ORDERED** that PGO's motion for leave to file a third party demand[12] is **GRANTED**.

New Orleans, Louisiana, March 10, 2010.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**

---

[7] The parties dispute the veracity and significance of the verification attached to plaintiff's opposition. The Court did not consider the verification in reaching its opinion.
[8] R. Doc. No. 75-2, p. 29.
[9] R. Doc. No. 75-2, pp. 29-30.
[10] R. Doc. No. 75-2, p. 30.
[11] PGO also argues that plaintiff should not be entitled to recover because of plaintiff's willful misconduct. This argument assumes, however, that plaintiff's departure from the ship was unauthorized. As noted above, an issue of fact exists as to whether plaintiff's accident occurred while he was away from the ship on official business.
[12] R. Doc. No. 97.