# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LINDSAY DON MARTELL** | **CIVIL ACTION** |
| **VERSUS** | **No. 08-4834** |
| **GUILBEAU MARINE, INC., ET AL** | **SECTION I/2** |

## ORDER AND REASONS

Before the Court is a motion for summary judgment filed on behalf of defendant, State Farm Mutual Automobile Insurance Company ("State Farm").[1] Plaintiff, Lindsay Don Martell, opposes the motion. For the following reasons, the motion is **GRANTED**.

### *BACKGROUND*

On August 30, 2008, plaintiff, while a passenger in a vehicle driven by James Scroggins ("Scroggins"), was involved in a motor vehicle accident.[2] On November 11, 2008, plaintiff filed this lawsuit alleging a Jones Act/negligence claim, an unseaworthiness claim, and a maintenance and cure claim against his employer Phil Guilbeau Offshore, Inc. ("PGO").[3]

Plaintiff amended his complaint on January 28, 2009, and added a claim against State Farm.[4] Plaintiff alleged that the accident was caused, in part, by the negligence of Scroggins and that State Farm provided plaintiff with uninsured[5] motorist coverage.[6] On January 15, 2010, State Farm filed this motion for summary judgment arguing that the Alabama guest passenger statute[7] bars plaintiff's claims against Scroggins.

---

[1] R. Doc. No. 91.
[2] R. Doc. No. 1, para. 4, R. Doc. No. 3, para. 3.
[3] R. Doc. No. 1.
[4] R. Doc. No. 3.
[5] Although, plaintiff has not provided evidence that Scroggins was, in fact, uninsured, State Farm has not argued that coverage should be denied on this ground.
[6] R. Doc. No. 3, para. 2.
[7] Ala. Code 1975 § 32-1-2.

1

## LAW AND ANALYSIS

**I.     STANDARD OF LAW**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. Celotex, 477 U.S. at 323; Fontenot v. Upjohn Co., 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The non-moving party must carry this burden as to each essential element on which it bears the burden of proof. Schaefer v. Gulf Coast Regional Blood Center, 10 F.3d 327, 330 (5th Cir. 1994). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a

## LAW AND ANALYSIS

**I.     STANDARD OF LAW**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. Celotex, 477 U.S. at 323; Fontenot v. Upjohn Co., 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The non-moving party must carry this burden as to each essential element on which it bears the burden of proof. Schaefer v. Gulf Coast Regional Blood Center, 10 F.3d 327, 330 (5th Cir. 1994). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a

## LAW AND ANALYSIS

**I.     STANDARD OF LAW**

Summary judgment is proper when, after reviewing "the pleadings, the discovery and disclosure materials on file, and any affidavits," the court determines there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment always bears the initial responsibility of informing the court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The party seeking summary judgment need not produce evidence negating the existence of material fact, but need only point out the absence of evidence supporting the other party's case. Celotex, 477 U.S. at 323; Fontenot v. Upjohn Co., 780 F.2d 1190, 1195 (5th Cir. 1986).

Once the party seeking summary judgment carries its burden pursuant to Rule 56(c), the other party must come forward with specific facts showing that there is a genuine issue of material fact for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). The non-moving party must carry this burden as to each essential element on which it bears the burden of proof. Schaefer v. Gulf Coast Regional Blood Center, 10 F.3d 327, 330 (5th Cir. 1994). The showing of a genuine issue is not satisfied by creating "'some metaphysical doubt as to the material facts,' by 'conclusory allegations,' 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citations omitted). Instead, a genuine issue of material fact exists when the "evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The party responding to the motion for summary judgment may not rest upon the pleadings, but must identify specific facts that establish a

genuine issue. Id. The nonmoving party's evidence, however, "is to be believed, and all justifiable inferences are to be drawn in [the nonmoving party's] favor." Id. at 255; see Hunt v. Cromartie, 526 U.S. 541, 552 (1999).

## II. DISCUSSION

Under the terms of plaintiff's State Farm insurance policy, plaintiff can recover for a bodily injury if plaintiff's injury is caused by an accident "arising out of the operation, maintenance or use of an uninsured motor vehicle" and plaintiff is "legally entitled to collect from the owner or driver of an uninsured motor vehicle."[8] Accordingly, in order for State Farm to be liable to plaintiff, plaintiff must be legally entitled to collect from Scroggins. Both parties agree that Scroggins' liability is governed by Alabama law.[9]

The Alabama guest passenger statute states that a motor vehicle driver shall not be liable for "loss or damage arising from injuries to or death of a guest while being transported without payment therefor in or upon said motor vehicle . . . unless such injuries or death are caused by the willful or wanton misconduct of such operator." Ala. Code § 32-1-2. Plaintiff contends that he was not a guest in Scroggins' car for the purposes of such statute.

Under Alabama law, if a trip is undertaken for any benefit to the driver, conferred or anticipated, the passenger is not a guest for the purposes of the guest passenger statute. Harrison v. McCleary, 199 So.2d 165, 167 (Ala. 1967) (per curiam). However, "a mere incidental benefit to the driver is not sufficient. The benefit to the driver must in some way have induced the driver to extend the offer to the rider, and the benefit must be material and tangible and must flow from the transportation provided." Id. (quotations omitted).

---

[8] R. Doc. No. 91-6, p. 8.
[9] R. Doc. No. 91-1, p. 5 (State Farm); R. Doc. No. 102-2, p. 4 (plaintiff).

3

In support of plaintiff's contention that he should not be considered a guest in Scroggins' car, plaintiff submits his own affidavit.[10] In his affidavit, plaintiff avers that "the purpose of the trip [that led to the accident] was to confer a benefit to Mr. Scroggins – to purchase additional supplies for Mr. Scroggins' party."[11] Plaintiff argues that his offer to purchase supplies induced Scroggins to give him a ride.[12] The Court must disregard plaintiff's statements in his affidavit, however, because it directly contradicts plaintiff's previous testimony.

A party is not permitted to manufacture a genuine issue of material fact by submitting an affidavit that, without explanation, directly contradicts his prior testimony. S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 495 (5th Cir. 1996). Although a party may clarify or amplify his previous statements, he may not "tell the same story differently. Carter v. Bisso Marine Co., Inc., 238 F.Supp.2d 778, 789 (E.D.La. 2002) (citing S.W.S. Erectors, 72 F.3d at 496).

In plaintiff's earlier answer to an interrogatory, plaintiff stated that "at the time of the head on collision[, Scroggins was] taking me to deliver the official documentation to the United States Coast Guard. As the Master of the [M/V] Mia Malloy, it was my duty to comply with [the] directive given [to] me by the United States Coast Guard [] to deliver [the heavy weather layup plan] on August 30, 2008."[13]

Plaintiff's affidavit in support of his opposition to summary judgment cannot be reconciled with his answer to the interrogatory because the affidavit directly contradicts his prior testimony. Plaintiff's interrogatory answer states that the accident occurred while en route to

---

[10] R. Doc. No. 105-2, p. 3.
[11] R. Doc. No. 105-2, p. 3.
[12] R. Doc. No. 105-2, p. 3.
[13] R. Doc. No. 75-2, p. 31.

4

deliver documents to the Coast Guard.[14] Plaintiff's affidavit states that the accident occurred as Scroggins was turning into his driveway while returning from a trip to purchase party supplies.[15]

Plaintiff's affidavit does not explain how plaintiff and Scroggins' could simultaneously be turning into Scroggins' driveway and also be en route to deliver documents to the Coast Guard. The affidavit does not supplement or explain the prior testimony, but stands opposed to it. Plaintiff's affidavit tells "the same story differently" and will be disregarded by the Court.

Absent plaintiff's affidavit, plaintiff has presented no evidence that Scroggins chose to give plaintiff a ride in exchange for a conferred or anticipated benefit. Accordingly, plaintiff was a guest for the purposes of the statute.[16] Because plaintiff is a guest under the Alabama guest passenger statute, plaintiff is prevented from recovering against Scroggins unless plaintiff can demonstrate that his injuries were "caused by the willful or wanton misconduct of such operator." Ala. Code § 32-1-2; In re Anderson, 682 So.2d 467, 469 (Ala. 1996).

"'Wanton misconduct' requires more than a showing of some form of inadvertence on the part of the driver; it requires a showing of some degree of conscious culpability." In re Anderson, 682 So.2d at 469. "Implicit in wanton, willful, or reckless misconduct is an acting, with knowledge of danger, or with consciousness that the doing or not doing of some act will likely result in injury." Id. at 470 (quoting Lynn Strickland Sales & Service, Inc. v. Aero-Lane Fabricators, Inc., 510 So.2d 142, 145-46 (Ala. 1987).

Viewing the facts in the light most favorable to plaintiff, it is apparent that Scroggins' conduct was not willful and wanton. Plaintiff states that the accident occurred when Scroggins took his eyes off the road and turned around to hand a cellphone to Scroggins' girlfriend in the

---

[14] R. Doc. No. 75-2, p. 4.
[15] R. Doc. No. 102-5, p. 3.
[16] Because of this Court's opinion concerning the admissibility of plaintiff's affidavit, the Court does not render an opinion with respect to the applicability of the guest passenger statute to the factual scenario outlined in plaintiff's affidavit.

5

backseat of the car.[17]  Although Scroggins may have been negligent in turning the vehicle after taking his eyes off the road, there is no evidence that Scroggins acted "with knowledge of danger, or with consciousness that [turning around would] likely result in injury."  <u>Lynn Strickland</u>, 510 So.2d at 145.  Scroggins' act of turning around does not rise to the level of willful or wanton conduct.  <u>See</u> <u>George v. Champion Ins. Co.</u>, 591 So.2d 852 (Ala. 1991) (driver not willful or wanton in accident where she ran red light as she glanced to the rear seat in conversation); <u>In re Anderson</u>, 682 So.2d at 470 (driver not willful or wanton in accident where she turned left while her view of oncoming traffic was blocked).

Plaintiff was a guest in Scroggins' vehicle and thus subject to the heightened requirements of the guest passenger statute.  Plaintiff has not demonstrated that Scroggins acted willfully or wantonly.  Accordingly, the Alabama guest passenger statute prevents plaintiff from recovering against Scroggins.  Because plaintiff has no cause of action against the driver of the vehicle, plaintiff is not eligible for benefits under his State Farm policy.

### III. CONCLUSION

For the reasons stated above,

**IT IS ORDERED** that State Farm's motion for summary judgment is **GRANTED** and that plaintiff's claims against State Farm are **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, March 24, 2010.

_____
**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[17] R. Doc. No. 105-2, p. 3.